# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LONNIE JONES,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 3:99-cr-00264 (VAB) |

### **RULING DENYING PETITIONER'S MOTION TO REDUCE SENTENCE**

On December 20, 2001, the Honorable Alan H. Nevas, Senior Judge for the District of Connecticut, sentenced Lonnie Jones ("Petitioner") to life imprisonment and five years of supervised release following his conviction by jury trial of conspiracy to possess heroin, cocaine and cocaine base as well as distribution of the same, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). J. as to Lonnie Jones, ECF No. 804.

Mr. Jones also pled guilty to aiding and abetting the possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §922(k), and received a sentence of five years imprisonment and three years of supervised release, to run concurrently with his life sentence. *Id.*

On remand, after the U.S. Supreme Court decided *United States v. Booker,* 543 U.S. 220, (2005), declaring the United States Sentencing Guidelines as advisory,[1] Judge Nevas re-sentenced Mr. Jones to a non-Guidelines sentence of 324 months imprisonment with five years of supervised release for the drug offenses and 60 months imprisonment with three years of

---

[1] In *Booker*, the Supreme Court held that the "other approach, which we now adopt, would (through severance and excision of two provisions) make the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct—a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve." *Booker*, 543 U.S. at 246.

1

supervised release for the gun offense, to run concurrently. Re-Sentencing J. as to Lonnie Jones, ECF No. 2140, at 1.

The Second Circuit affirmed this sentence and also indicated that Mr. Jones was not eligible under the Guidelines, as amended at the time, for a reduction in his sentence. *United States v. Jones,* 294 F. App'x 624, 627–28 (2d Cir. 2008). The Court of Appeals reasoned that the applicable amendment Mr. Jones sought to invoke addressed crack cocaine but that the large quantity of heroin for which Mr. Jones was responsible would still trigger the same offense level, making the crack-to-powder cocaine ratio irrelevant. *Id.* (citations omitted).[2]

Mr. Jones now moves, *pro se*, under Title 18 U.S.C. § 3582(c)(2) for retroactive application of Amendments 750 and 782 to the United States Sentencing Guidelines. Mot. to Reduce Sent., ECF No. 2427. In his motion, Mr. Jones seeks to reduce his prison sentence to 210 months. *Id.* at 6.

For the following reasons, Mr. Jones' motion to reduce his sentence is **DENIED.**

## I. STANDARD OF REVIEW

Under section 3582(c)(2) of Title 18 of the United States Code, "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, a district court must follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

> At step one, the court must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced . . . . At step two . . . , § 3582(c)(2) instructs a court to consider any

---

[2] Although the Court of Appeals did not indicate which amendment it was considering, presumably it was Amendment 706 which went into effect on March 3, 2008. Amendments 750 and 782, under which Mr. Jones requests relief, had not yet been implemented; thus, his eligibility for a sentence reduction under either Amendment has not yet been decided by any court.

applicable § 3553(a) factors and determine whether, in its discretion, the reduction
. . . is warranted in whole or in part under the particular circumstances of the case.

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (alterations in original) (citations omitted). The decision to reduce a sentence under an amended Guidelines provision, as well as to what extent, is at the discretion of the sentencing court. *See United States v. Thomas*, 361 F. App'x 174, 175 (2d Cir. 2010) ("Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that defendant's term of imprisonment.").

## II. DISCUSSION

Mr. Jones first contends that he is eligible for a reduction in his sentence under Amendment 750 to the United States Sentencing Guidelines. Mot. to Reduce Sent. at 5.[3] Amendment 750 reduced the base offense level for certain quantities of crack cocaine, effective November 1, 2011. *United States v. Erskine,* 717 F.3d 131, 133 (2d Cir. 2013). Probation and the Government both argue that Mr. Jones is not eligible for a reduction in his sentence under this amendment. Retro-Crack Addendum to the Presentence Report 2, ECF No. 2371; Gov't. Memo. 1, ECF No. 2387. Mr. Jones also contends, and the Probation Office agrees, that he is eligible for a reduction under section 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Mot. to Reduce Sent at 5, ECF No. 2427; Presentence Investigation Report, ECF No. 2428. The Court disagrees.

Amendment 782, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum

---

[3] Mr. Jones sent a letter to the Probation Office in February 2012 asking about his eligibility for a sentence reduction under Amendment 750. ECF No. 2371-2. Because the letter was not addressed to the Court as a formal request for relief, the Court did not have an opportunity to make a formal ruling on Mr. Jones's eligibility for a sentence reduction under Amendment 750.

penalties in U.S.S.G. section 2D1.1 and made parallel changes to section 2D1.11. *United States v. Vargas,* 74 F.Supp. 3d 601, 602 (S.D.N.Y. 2015). The Government argues that Mr. Jones is not eligible for a reduction in his sentence because applying Amendment 782 does not lower Mr. Jones's guidelines range given the large quantity of drugs attributable to him. Government Memo. 5-7, ECF No. 2437.

When Mr. Jones was initially sentenced in 2000, Judge Nevas found that the conspiracy offense involved 40.5 kilograms of crack cocaine and 140.4 kilograms of heroin, amounts significantly higher than what Probation relies on in its calculations under both Amendments 750 and 782. *Id.* at 6; Retro-Crack Addendum to the Presentence Report 2, ECF No. 2371; Presentence Investigation Report. Mr. Jones argues that the quantity of drugs the Government relies on was not attributed to him by the Court. Mot. to Reduce Sent at 3, ECF No. 2427. The Court disagrees.

In considering a motion to reduce Mr. Jones's sentence under 18 U.S.C. 3582(c)(2), this Court cannot revise the drug amount found by the sentencing court. *United States v. Varone,* No. 06-CR-832 (S-2)(DLI), 2013 WL 789177, at *3 (E.D.N.Y. Mar. 1, 2013) (citing *Dillon v. U.S.*, 560 U.S. 817, 824 (2010)). Accordingly, the Court must determine what drug quantity was found at sentencing and determine whether, given that amount, Mr. Jones is eligible for a reduction in his sentence.

A defendant facing a conspiracy drug sale or possession charge under 21 U.S.C. §841(b) may only be sentenced for the quantity of drugs that the Court finds, by a preponderance of the evidence, that he "knew or reasonably should have known about." *United States v. Martinez,* 987 F.2d 920, 926 (2d Cir. 1993); *see also* U.S.S.G. §1B1.3(a)(1)(B) (noting that the base offense level for a conspiracy is determined by "all reasonably foreseeable acts and omissions of others

4

in further of the jointly undertaken criminal activity"). In other words, the base level of the offense may be determined by the quantities of drugs in which the defendant trafficked directly or the amount in which his co-defendants trafficked if that amount was reasonably foreseeable to him. *Cruz v. United States,* No. 01 Civ. 5542(SWK), 89 CR. 346 (SWK), 2003 WL 1787117, at *2 (S.D.N.Y. Apr. 3, 2003) (citations omitted).

In determining the quantity of drugs attributable to Mr. Jones at sentencing, Judge Nevas adopted the factual statements in the Presentence Report ("PSR"), particularly paragraph 34 of the PSR, and page 6 of the Government's December 3, 2001 sentencing memorandum. Stmt. of Reasons 1, 2, ECF No. 2428-3; Gov't. Ex. 1, Tr. of Sentencing Hr'g dated 12/10/2001 49:17-20, ECF No. 2437-1. Paragraph 34 indicates that the jury found that the petitioner was involved with "a minimum of 50 grams of cocaine base, 5,000 grams of cocaine, and 1,000 grams of heroin" and that it was "reasonably foreseeable" for him to know that "over 1.5 kilograms of cocaine base" was distributed by the organization during the course of the conspiracy. Presentence Report ¶34, ECF No. 2428-2. In addition to the adoption of these general quantity ranges from the PSR, the Court also found that the conspiracy in which Mr. Jones was involved was responsible for 40.5 kilograms of crack cocaine and 140.4 kilograms of heroin over the three-year life of the conspiracy. *See* Gov't. Ex. 1, Tr. of Sentencing Hr'g dated 12/10/2001 49:21-50:20, ECF No. 2437-1.

In finding these additional amounts, the Court did not specifically note that these quantities were known to or reasonably foreseeable to the petitioner, but the PSR indicates that Mr. Jones was directly involved in many purchases of drugs. Presentence Report ¶¶17, 25. (identifying Mr. Jones as accompanying another member of the conspiracy to purchase "large quantities of cocaine and heroin" from a supplier in New York roughly 40 to 50 times, estimated

to yield a total in sales of 5 kilograms of heroin and 20 kilograms of cocaine). There was no indication that any of these facts were overturned or otherwise invalidated when the Court re-sentenced Mr. Jones in 2007. *See* Gov't Ex. 2, Tr. of Sentencing Hr'g dated 1/11/2007, ECF No. 2437-1.

Moreover, the Court never found that Mr. Jones was only responsible for 1.5 kilograms of crack cocaine, but rather found that he was responsible for more than that, as well as large quantities of other types of drugs. *See Varone,* 2013 WL 789177, at *3 (denying a motion to reduce sentence based on a conviction by guilty plea on a conspiracy charge involving a drug quantity of more than 50 grams of crack cocaine, because, while the defendant pled guilty to being responsible for "at least 50 grams of crack cocaine," "she never stated, and the court never found, that she was responsible for *only* 50 grams.") (emphasis in original). Thus, in sentencing Mr. Jones, Judge Nevas found that he was responsible for 40.5 kilograms of crack cocaine and 140.4 kilograms of heroin over the three-year life of the conspiracy of which he was a member.

This interpretation of the relevant drug quantities is consistent with the Second Circuit's interpretation of this same record. In resolving Mr. Jones's appeal, the Second Circuit indicated that Mr. Jones was not eligible in 2008 for a sentence reduction because the amount of heroin for which Judge Nevas found him responsible put him at the same offense level as his 2007 sentence, or 38. *Jones,* 294 F. App'x at 627–38. The amended Guidelines at the time of the Second Circuit's opinion indicated that, to have a base offense level of 38, a defendant must have been responsible for 30 kilograms of heroin. U.S. SENT. COMM'N, GUIDELINES MANUAL 138 (Nov. 1, 2007). Accordingly, in concluding that Mr. Jones was not eligible for a sentencing reduction, the Second Circuit determined that the district court found that he was responsible for more than that base offense level amount.

As a result, the quantities of drugs attributable to Mr. Jones, 40.5 kilograms of crack cocaine and 140.4 kilograms of heroin, are sufficiently high that neither Amendments 750 nor 782 would reduce Mr. Jones's base offense level. Thus, the application of these drug quantities to his case would not reduce his sentence.

**III.    CONCLUSION**

For the reasons above, Mr. Jones' motion to reduce his sentence, ECF No. 2427, is **DENIED.**

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of November, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE